**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACY HINES, Plaintiff, v. PETE HEGSETH, Defendant. | Case No.: 26-cv-4869-BJC-MMP **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE; DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF NOS. 1, 2, 3]** |

## I. INTRODUCTION

On August 26, 2026, Tracy Hines, proceeding *pro se*, filed the instant complaint against Defendant Pete Hegseth. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. ECF Nos. 2,3. For the reasons discussed below, the Court DENIES Plaintiff's motion to proceed IFP, dismisses the complaint without prejudice, and denies Plaintiff's motion to appoint counsel.

## II. DISCUSSION

### A. Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* U.S.C. § 1914(a); CivLR 4.5. A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement

of all his or her assets, showing that he or she is unable to pay the fee. *See* 28 U.S.C. § 1915(a).

Plaintiff states only that he has "no money" but did not provide any other information or complete the remainder of the application. ECF No. 2. As submitted, the Court is unable to determine Plaintiff's ability to pay the one-time filing fee. As such, the motion to proceed IFP is DENIED.

**B. Screening of the Complaint**

A complaint filed by any person proceeding *in formal pauperis* pursuant to 28 § 1915(a) is subject to a mandatory and *sua sponte* review, and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). A court may also dismiss an action *sua sponte*, at any time, for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *Harmon v. Superior Ct. of State of Cal. In & For Los Angeles Cnty.*, 307 F.2d 796, 797 (9th Cir. 1962).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To proceed with an action in federal court, a plaintiff must establish that the court has subject matter jurisdiction. There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction. *Tesla Motors, Inc. v. Balan,* 134 F.4th 558, 560 (9th Cir. 2025). To the extent Plaintiff is asserting claims under federal law, he must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's complaint. *City of Oakland v. BP PLC,* 969 F.3d 895, 903 (9th Cir. 2020).

Federal Rule of Civil Procedure 8 requires a complaint to "contain: (1) a short and

plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*per curiam*) (noting that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). However, "a liberal interpretation of a [*pro se*] complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff does not raise any claims in his complaint. ECF No. 1. Instead, he attached an EEOC decision regarding his appeal of an employment discrimination complaint. ECF No. 1 at 4. This is insufficient to state a claim.[1] *Arbaugh*, 546 U.S. at 513. If Plaintiff seeks to challenge the EEOC decision, he must assert a cause of action that is cognizable in this Court. Accordingly, Plaintiff's complaint is dismissed for failure to satisfy Rule 8.

**IV. CONCLUSION AND ORDER**

Based on the foregoing, the Court DISMISSES the complaint without prejudice pursuant to § 1915(e)(2)(B)(ii)), DENIES Plaintiff's motion to proceed IFP, and DENIES Plaintiff's motion for appointment of counsel. Plaintiff may file an amended complaint addressing the deficiencies noted above **no later than November 30, 2026**. To proceed with an amended complaint, Plaintiff must either pay the filing fee or submit a motion to proceed IFP **no later than November 30, 2026**.

**IT IS SO ORDERED**.

Dated: October 23, 2026

Honorable Benjamin J. Cheeks
United States District Judge

[1] Similarly, Plaintiff's motion to appointment counsel is blank and contains no information, therefore the Court cannot determine whether appointment of counsel is warranted.